**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37101/37102**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 598** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 18, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TODD D. JENSEN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Gregory S. Anderson, District Judge.

Judgments of conviction and concurrent unified sentences of seven years, with a minimum period of confinement of three years for delivery of a controlled substance; and five years with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In Docket No. 37101, Todd D. Jensen pled guilty to delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(A). He also pled guilty in Docket No. 37102 to possession of a controlled substance, Idaho Code § 37-2732(a)(1)(A). The district court sentenced Jensen to concurrent unified terms of seven years, with a minimum period of confinement of three years in Docket No. 37101 and five years, with a minimum period of confinement of two years in Docket No. 37102. Jensen filed Idaho Criminal Rule 35 motions in both cases and the district court

1

denied both motions. Jensen appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Jensen's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Jensen's judgments of conviction and sentences, and the district court's orders denying Jensen's Rule 35 motions, are affirmed.